Sukhwinder SINGH, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–70929.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 28, 2005.

George T. Heridis, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Anthony W. Norwood, Jennifer Levings, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM***

Sukhwinder Singh, a native and citizen of India, petitions for review of the Board

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

■ Singh contends that the IJ's adverse credibility finding is not supported by substantial evidence. We disagree. While not all the reasons cited by the IJ support the credibility finding, "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003). We conclude that Singh's contradictory testimony with respect to his passport(s) and other identifying information as well as the various inconsistences in Singh's account of the injuries and treatment he received during and subsequent to his 1998 arrest are sufficient to support the IJ's adverse credibility determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003); *Pal v. INS*, 204 F.3d 935, 940 (9th Cir.2000). Substantial evidence also supports the IJ's conclusion that, even assuming that Singh was credible, he still failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001).

■ Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

courts of this circuit except as provided by

■ Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**